1   Megan L. Wagner (California Bar No. 130752)
2   *megan@kohutlaw.com*
    Sarah K. Kohut (California Bar No. 197655)
3   *sarah@kohutlaw.com*
4   KOHUT & KOHUT, LLP
    600 Anton Blvd., Suite 1075
5   Costa Mesa, California 92626
6   Telephone:  (714) 384-4130; Facsimile: (714) 384-4131

7   James B. Baldinger (Florida Bar No. 869899)
8   *jbaldinger@carltonfields.com*
    *(admitted pro hac vice)*
9   Maria Montenegro (Florida Bar No. 996084)
10  *mmontenegro@carltonfields.com*
    *(admitted pro hac vice)*
11  CARLTON FIELDS, P.A.
12  222  Lakeview Ave., Suite 1400, P.O. Box 150
    West Palm Beach, FL 33402-0150
13  Telephone:  (561) 659-7070; Facsimile: (561) 659-7368

14  *Attorneys for TracFone Wireless, Inc.*

15              **UNITED STATES DISTRICT COURT**

16      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17  TRACFONE WIRELESS, INC.,        ) Case No.:  CV08-01877GHK (FMOx)
18  a Delaware Corporation,         )
                                    )
19              Plaintiff,          ) **PLAINTIFF'S *EX PARTE***
                                    ) **APPLICATION FOR EXPEDITED**
20      v.                          ) **DISCOVERY AND FOR ORDER TO**
                                    ) **PRESERVE EVIDENCE;**
21  CALIFORNIA PRODUCTS             ) **MEMORANDUM OF POINTS AND**
    INTERNATIONAL, INC., a          ) **AUTHORITIES**
22  California Corporation, d/b/a    )
    FASHION JEANS EXPORTS and       )
23  d/b/a CPI COMPUTERS &           ) (Proposed Order; Declarations Of Jill
    ELECTRONICS; MOHAMAD ALI        ) Garcia, Justin Chappell and Anita
24  KHALIL; KASEM MOHAMAD           ) Tourisia filed concurrently)
    HARKOUS; and DOES 1-10,         )
25                                  )
                Defendants.         )
26                                  ) Date:  None Set
                                    ) Time:  None Set
27                                  ) Courtroom:
                                    )
28
                                        1
CARLTON FIELDS,   12817294.1   *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND
    P.A.                              PRESERVATION OF EVIDENCE
ATTORNEYS AT LAW
    MIAMI

TO THIS HONORABLE COURT:

Plaintiff TRACFONE WIRELESS, INC. ("TracFone") hereby applies *ex parte* for an Order:

(1) Permitting TracFone to immediately compel Defendants, pursuant to Rule 34, to produce for inspection and copying within ten (10) days, the documents responsive to TracFone's Requests for Production attached hereto;

(2) Permitting TracFone to immediately compel Defendants, pursuant to Rule 30, to appear and testify within twenty (20) days, as requested in TracFone's Notices of Deposition attached hereto;

(3) Allowing TracFone to propound limited follow-up discovery on Defendants, if necessary, related to any discovery request within ten (10) days from the date responses to any such requests are served, and requiring Defendants to respond to any such follow-up discovery within ten (10) days;

(4) Requiring Defendants to preserve all evidence relating to the bulk purchase, sale, distribution and altering of TracFone/NET10 Prepaid Phones, including all information, items and documents responsive to TracFone's First Request for Production of Documents and Things, all TracFone/NET10 Prepaid Phones currently in Defendants' possession and/or subject to their control, all TracFone/NET10 Prepaid Phone packaging currently in Defendants' possession and/or subject to their control, copies of any software or hardware used to modify or alter TracFone/NET10 Prepaid Phones, all records of transactions related to altered TracFone Prepaid Phones, and all communications with third parties on the subject of the sale or

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1 *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

alteration of TracFone/NET10 Prepaid Phones and the security measures contained therein;

(5)  Requiring Defendants to provide Plaintiff with an inventory of all TracFone/NET10 Prepaid Phones and the location where the handsets are being preserved; and

(6)  Granting such other and further relief as is just and proper.

Good cause exists to grant this application, and to grant it without notice to Defendants, because Defendants are reasonably believed to be participating in a conspiracy to unlawfully purchase TracFone's phones, reprogram those phones, and sell them to users intending to use the phones on other networks and not through the purchase of TracFone's prepaid airtime cards. In order to identify the other participants in the conspiracy and to gather evidence sufficient to seek injunctive relief from this Court, TracFone must be able to conduct discovery immediately. If TracFone were to bring a noticed motion pursuant to Local Rule 7, this motion could not be determined before June 2008; hundreds, if not thousands, of TracFone's phones will be lost into the stream of national and international commerce by that date.

Additionally, good cause exists to grant this motion because TracFone is currently being substantially and irreparable harmed by the infringement of its trademarks and copyright and has a substantial interest in taking steps necessary to prevent more counterfeit phones from being disbursed. Further good cause exists to grant this application without notice to Defendants, because if Defendants were alerted to this application, they could (and likely would) take steps to destroy, sell, or otherwise conceal the cell phones that are at issue in this litigation. The facts demonstrating this good cause are detailed in the declarations of Jill C. Garcia, Justin Chappell and Anita Tourisia filed concurrently herewith.

In brief, and as explained in the accompanying Memorandum of Points and

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1   *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

1   Authorities, TracFone is the largest provider of prepaid wireless telephone service
2   in the United States, and markets its service under both the TracFone and NET10
3   brands. TracFone subsidizes the purchase price of its telephones by selling them at
4   prices substantially less than TracFone's cost and recoups this investment by selling
5   prepaid airtime cards that are required to operate the TracFone phones. Defendants
6   are believed to be engaging in a conspiracy with unknown co-conspirators to
7   purchase TracFone phones in bulk (in clear violation of the restrictions printed on
8   the outside and included within the packaging of the TracFone phones), reprogram
9   those phones so that they can be used on other wireless networks, and resell those
10  phones (potentially abroad).

11      The balance of hardships weighs in TracFone's favor in this matter.
12  Defendants are in the wrongful possession of a large quantity of TracFone's cellular
13  phones. Absent this Court's intervention, all of TracFone's phones in Defendants'
14  possession most likely will be secreted away long before this case can reach any
15  ultimate judgment, thus severely prejudicing TracFone. Defendants, on the other
16  hand, will not be prejudiced by merely being required to respond to properly
17  propounded discovery somewhat earlier than normal and preserve evidence.

18      This application is based upon the accompanying memorandum of points and
19  authorities, the declarations of Jill C. Garcia, Justin Chappell and Anita Tourisia,
20  the accompanying exhibits, and all pleadings, records and papers on file herein and
21  such further evidence and argument as may be presented at or before the hearing on
22  the application.

23
24
25
26
27
28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1

4

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

DATED: April 2, 2008

KOHUT & KOHUT, LLP

By: _____

Megan L. Wagner
California Bar No. 130752
Sarah K. Kohut
California Bar No. 197655
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131
Email: megan@kohutlaw.com
         sarah@kohutlaw.com

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
*(admitted pro hac vice)*
Maria Montenegro
Florida Bar Number 996084
*(admitted pro hac vice)*
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:(561) 659-7070
Facsimile: (561) 659-7368
Email: jbaldinger@carltonfields.com
mmontenegro@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone") pursuant to Federal Rule of Civil Procedure 26(d), moves for entry of an order permitting TracFone to immediately propound limited discovery in this matter and directing the Defendants to appear for deposition pursuant to the notices of deposition attached hereto, respond to the specific requests for production of documents attached hereto within 10 days, and answer any limited follow-up discovery request propounded by TracFone within ten (10) days of its service. TracFone further moves for entry of an order requiring the Defendants to preserve all physical evidence relating to this action including specifically, and without limitation, all TracFone and NET10 prepaid wireless telephone handsets ("TracFone/NET10 Prepaid Phones") in the Defendants' possession, custody or subject to the Defendants' control. The factual basis for TracFone's request is as follows:

As set forth in TracFone's Complaint and the Declaration of Jill C. Garcia (the "Garcia Declaration") and Anita Tourisia (the "Tourisia Declaration"), both of which are incorporated herein by reference, TracFone's service enables its customers to prepay for their wireless service by purchasing TracFone airtime cards and specially manufactured wireless phones ("TracFone/NET10 Prepaid Phones"). Customers load airtime into their TracFone/NET10 Prepaid Phones using codes generated from PIN numbers found on the airtime cards, or via TracFone's website. TracFone/NET10 Prepaid Phones and airtime cards are sold through major national retailers such as Wal-Mart, Target, and Sam's Club. (Compl. ¶ 18; Garcia Decl. ¶¶ 3-4.)

TracFone's business model is based on TracFone's ability to deliver affordable phones to the public, which it accomplishes by subsidizing the customer's cost for purchasing the TracFone/NET10 Prepaid Phones by selling them for substantially less than they cost TracFone. (Garcia Decl. ¶ 6.) TracFone recoups its

CARLTON FIELDS, P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1     *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE

1  investment by selling prepaid airtime cards that are required to load prepaid minutes
2  into the TracFone/NET10 Prepaid Phones in order for the phones to be used. (Garcia
3  Decl. ¶¶ 6-8.) The TracFone/NET10 Prepaid Phones are equipped with software that
4  prevents them from being used unless airtime minutes purchased from TracFone are
5  loaded onto the phone via a prepaid airtime card. (Garcia Decl. ¶ 9.)

6  Defendants, along with yet unidentified co-conspirators, are engaged in
7  unauthorized and unlawful wireless telephone business enterprises dependent on the
8  bulk purchasing, reselling, computer reflashing/unlocking and trafficking of
9  infringing and counterfeit wireless telephones originally sold by TracFone under
10  TracFone and NET10 trademarks (TracFone/NET10 Prepaid Phones). Defendants'
11  misconduct has caused, and continues to cause, substantial and irreparable harm to
12  TracFone, including, among other things, infringement and dilution of TracFone's
13  trademarks, infringement of TracFone's copyrighted software installed in the
14  TracFone/NET10 Prepaid Phones, and harm to TracFone's goodwill and business
15  reputation.[1]

16  In order to stem the irreparable harm being caused to TracFone by
17  Defendants' unlawful conduct, an order permitting expedited discovery and
18  requiring the preservation of evidence is necessary.

19  ## ARGUMENT

20  **A.    TracFone is Entitled to Expedited Discovery**

21  The Federal Rules of Civil Procedure generally prohibit a party from seeking
22  discovery until the parties have engaged in a discovery conference. Fed. R. Civ. P.

23

24  ---

    [1] In this action, TracFone seeks an award of damages and injunctive relief against
25  Defendants as a result of, *inter alia*, Defendants' federal trademark infringement, contributory
    trademark infringement and unfair competition under the Trademark Act of 1946, as amended 15
26  U.S.C. § 1051, *et seq.*, copyright infringement under Title 17 of the United States Code,
    circumvention of technological measures that control access to copyrighted software and
27  trafficking in services that circumvent technological measures protecting copyrighted software
    under 17 U.S.C. § 1201, *et seq.*

28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1

2

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

1  26(d) & (f) (2007).  However, discovery may commence earlier if ordered by the
2  Court.  *Id.*  In this regard, District Courts are afforded broad discretion in the
3  scheduling of discovery, *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), which
4  includes the discretion to order expedited discovery.  An order granting a request for
5  expedited discovery is appropriate where good cause is shown by the movant.
6  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002)
7  (granting motion for expedited discovery and holding *no* showing of irreparable
8  harm is required by movant to grant such relief).

9      Good cause is shown "where the need for expedited discovery, in
10 consideration of the administration of justice, outweighs the prejudice to the
11 responding party."  *Id.* (recognizing that "good cause is frequently found in cases
12 involving claims of infringement and unfair competition"); *see also Capitol Records,*
13 *Inc. v. Doe*, 2007 WL 2429830, at 1 (S.D. Cal. Aug. 24, 2007) (granting expedited
14 discovery in copyright infringement case); *UMG Recordings, Inc. v. Does*, 2006 WL
15 1343597, at 1-2 (N.D. Cal. Mar. 6, 2006) (good cause shown for expedited discovery
16 in copyright infringement case found where identities of defendants were unknown,
17 and holding "copyright infringement claims necessarily involve irreparable harm to
18 [plaintiff], as copyright holder is presumed to suffer irreparable injury as a matter of
19 law when his right to the exclusive use of copyrighted material is invaded") (quoting
20 *Health Ins. Ass'n of Am. v. Nevelli*, 211 F. Supp. 2d 23, 28 (D.D.C. 2002)); *cf.*
21 *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("plaintiff should be
22 given an opportunity through discovery to identify the unknown defendants, unless it
23 is clear that discovery would not uncover the identities, or that the complaint would
24 be dismissed on other grounds").

25     Expedited discovery is particularly appropriate in this case because
26 Defendants' misconduct involves the infringement of TracFone's trademark and
27 copyrights and trafficking of the infringing goods.  *See Semitool*, 208 F.R.D at 275

28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1

3

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time. Such prejudice is frequently the case where a well-known trademark ... has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff."). Expedited discovery is also necessary so that TracFone may prevent Defendants from altering, reselling, distributing, destroying or concealing the infringing TracFone/NET10 Prepaid Phones at issue in this case. *See Pod-Ners, LLC v. N. Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (expedited discovery is appropriate in cases where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation). *See also* Section B, *infra*.

Specifically, like plaintiff in *Semitool* and *Pod-Ners*, TracFone must quickly determine the extent of the Defendants' unlawful activities with respect to counterfeit TracFone/NET10 Prepaid Phones, the quantity of phones in the Defendants' possession, and number and identity of unknown co-conspirators involved in Defendants' unlawful activities. If TracFone can quickly learn these facts, it can take corrective and preventive measures to stem its damage, including proceeding against as-yet unidentified co-defendants and eliminating the channels of production and distribution used by Defendants and their co-conspirators to carry out unlawful conduct. *See UMG Recordings*, 2006 WL 1343597, at 1; *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm).

If TracFone is required to wait for the normal discovery process to take its course, many more infringing and counterfeit TracFone/NET10 Prepaid Phones will be irretrievably lost in the marketplace, and TracFone will continue to lose additional goodwill and be otherwise damaged.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1     *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

Granting TracFone's request for relief will not prejudice Defendants, as the specific information and documents requested by TracFone are already in Defendants' possession or are easily accessible to Defendants, and Defendants would simply be responding to discovery requests slightly sooner than normal. Conversely, TracFone will be prejudiced if the relief requested is not granted. Like the plaintiff in *UMG Recordings*, TracFone is seeking discovery of, among other things, the identities of Defendants' as-yet unidentified co-conspirators; further, TracFone's claims for copyright and trademark infringement "necessarily involve[] irreparable harm to" TracFone. *See id.* Thus TracFone has not only shown "good cause" for the expedited discovery it seeks to propound, it has also shown it will be irreparably harmed if the relief requested is not granted. *See id.*

TracFone has attached hereto its First Requests for Production of Documents and Things to Defendants and Notices of Deposition to Defendants related to Defendants' misconduct as **Composite Exhibit A**. TracFone requests that this Court allow TracFone to serve the attached discovery requests and any follow-up discovery requests thereto on an expedited basis, and order Defendants to respond to same on an expedited basis.

## B.   Defendants Should Be Required to Preserve Evidence

A party has a duty under federal law to preserve evidence which it knows or reasonably should know is relevant to the action. *AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc.,* 2006 WL 2308442, at 4 (E.D. Cal. Aug. 9, 2006); *see also Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir. 1998) (the "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation --most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation."); *Silvestri v. Gen. Motors Corp.,* 271 F.3d 583,

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1

5

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

590 (4th Cir. 2001) (same); *Phillips v. Netblue, Inc.*, 2007 WL 174459, at 2 (N.D. Cal. Jan. 22, 2007) (same); *Fire Ins. Exchange v. Zenith Radio Corp.*, 747 P.2d 911 (Nev. 1987) (stating "even where an action has not been commenced and there is only a potential for litigation, the litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action").

Here, TracFone alleges that Defendants are engaged in an unauthorized and unlawful scheme involving the bulk purchasing, reselling, computer unlocking, and fraudulent international trafficking of TracFone/NET10 Prepaid Phones. The Defendants have been observed the past few weeks receiving, daily, TracFone/NET 10 Prepaid Phones from "runners" and other co-conspirators. (*See* Tourisia Decl.)

Once the TracFone/NET 10 Prepaid Phones are sold by Defendants to unknown purchasers potentially outside the United States, they will be beyond the jurisdiction of the Court and, for all intents and purposes, gone forever.

Further, each TracFone/NET10 Prepaid Phone is programmed by the manufacturer with a unique International Mobile Equipment Identity number (or IMEI). Examination and analysis of the Phones by qualified TracFone/NET10 technicians can yield essential information about the origin of the Phones, their place of purchase, and the manner in which (and possibly by whom) they were "unlocked." Consequently, a loss of these Phones would mean the loss of critical information and evidence. Since Defendants, it is believed, are in direct possession, custody and/or control of hundreds or thousands of TracFone/NET10 Prepaid Phones, they alone have the ability to maintain the evidence and halt the bulk resale scheme. Accordingly, the TracFone/NET10 Prepaid Phones in Defendants' possession constitute critical evidence in the case which must be preserved, and not sold, transferred or destroyed.

Further good cause for granting this application can be found in the Declaration of Justin Chappell ("Chappell Declaration"), which is incorporated

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1

6

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

herein by reference. Mr. Chappell is an investigator who was assigned to perform surveillance and investigation on Defendants' unlawful activities, as set forth in the Complaint. During a recent surveillance operation at the business office of Defendant CPI, Mr. Chappell was subjected to a violent assault. Specifically, Defendant Khalil purposely drove his vehicle into Mr. Chappell's vehicle, while Mr. Chappell was in it, at a high rate of speed. (*See* Chappell Declaration) After this incident, Defendant Khalil stated to the California Highway Patrol, who investigated the incident at the scene, that he had observed Mr. Chappell taking photographs of Defendants' business. (*Id.*) It is thus apparent that Defendants have become aware of the ongoing investigation being conducted by TracFone, and are thus even more likely to conceal or dispose of relevant evidence. Accordingly, it is imperative that this Court order Defendants to preserve such evidence.

Accordingly, TracFone respectfully requests that this Court issue an order:

(1)     Permitting TracFone to immediately compel Defendants, pursuant to Rule 34, to produce for inspection and copying within ten (10) days, the documents responsive to TracFone's Requests for Production attached hereto;

(2)     Permitting TracFone to immediately compel Defendants, pursuant to Rule 30, to appear and testify within twenty (20) days, as requested in TracFone's Notices of Deposition attached hereto;

(3)     Allowing TracFone to propound limited follow-up discovery on Defendants, if necessary, related to any discovery request within (10) days from the date responses to any such requests are served, and requiring Defendants to respond to such requests within ten (10) days;

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1     *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

(4)     Allowing TracFone to propound limited follow-up discovery on Defendants, if necessary, related to any discovery request within ten (10) days from the date responses to any such requests are served, and requiring Defendants to respond to any such follow-up discovery within ten (10) days;

(5)     Requiring Defendants to preserve all evidence relating to the bulk purchase, sale, distribution and altering of TracFone/NET10 Prepaid Phones, including all information, items and documents responsive to TracFone's First Request for Production of Documents and Things, all TracFone/NET10 Prepaid Phones currently in Defendants' possession and/or subject to their control, all TracFone/NET10 Prepaid Phone packaging currently in Defendants' possession and/or subject to their control, copies of any software or hardware used to modify or alter TracFone/NET10 Prepaid Phones, all records of transactions related to altered TracFone Prepaid Phones, and all communications with third parties on the subject of the sale or alteration of TracFone/NET10 Prepaid Phones and the security measures contained therein;

(6)     Requiring Defendants to provide Plaintiff with an inventory of all TracFone/NET10 Prepaid Phones and the location where the handsets are being preserved; and

(7)     Granting such other and further relief as is just and proper.

CARLTON FIELDS, P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1

EX PARTE APPLICATION FOR EXPEDITED DISCOVERY
AND PRESERVATION OF EVIDENCE

DATED: April 2, 2008

KOHUT & KOHUT, LLP

By: _____
Megan L. Wagner
California Bar No. 130752
Sarah K. Kohut
California Bar No. 197655
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131
Email: megan@kohutlaw.com
         sarah@kohutlaw.com

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
*(admitted pro hac vice)*
Maria Montenegro
Florida Bar Number 996084
*(admitted pro hac vice)*
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:(561) 659-7070
Facsimile: (561) 659-7368
Email: jbaldinger@carltonfields.com
mmontenegro@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
Miami

12817294.1

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND
PRESERVATION OF EVIDENCE

# EXHIBIT A

Megan L. Wagner (California Bar No. 130752)
*megan@kohutlaw.com*
Sarah K. Kohut (California Bar No. 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130; Facsimile: (714) 384-4131

James B. Baldinger (Florida Bar No. 869899)
*jbaldinger@carltonfields.com*
*(admitted pro hac vice)*
Maria Montenegro (Florida Bar No. 996084)
*mmontenegro@carltonfields.com*
*(admitted pro hac vice)*
CARLTON FIELDS, P.A.
222 Lakeview Ave., Suite 1400, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070; Facsimile: (561) 659-7368

*Attorneys for TracFone Wireless, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA PRODUCTS INTERNATIONAL, INC., a California Corporation, d/b/a FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & ELECTRONICS; MOHAMAD ALI KHALIL; KASEM MOHAMAD HARKOUS; and DOES 1-10, <br><br> Defendants. | **Case No.: CV08-1877 GHK (FMOx)** <br><br> **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CALIFORNIA PRODUCTS INTERNATIONAL, INC.** |

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

1

Pl.'s First R/P Of Docs. And Things To Def. California Products

Exhibit _A_
Page _10_

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant, CALIFORNIA PRODUCTS INTERNATIONAL, INC. d/b/a FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & ELECTRONICS ("Defendant"), respond to these requests for production fully and in writing, and that Defendant produce for inspection and copying the documents and things described herein, in accordance with the definitions and instructions set forth below, at the office of **KOHUT & KOHUT, LLP, 600 Anton Boulevard, Suite No. 1075, Costa Mesa, California 92626.**

## I. SUPPLEMENTATION

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff states that Defendant is under a duty seasonably to supplement their responses to these requests with respect to any request directly addressed to: (1) the identity or location of persons having knowledge of discoverable matters, or (2) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he or she is expected to testify, and the substance of his or her testimony. In addition, Defendant is under a duty seasonably to amend a prior response if any Defendant or its representatives or agents obtain information on the basis of which Defendant knows that a prior response was incorrect when made, or Defendant knows that the response, although correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## II. DEFINITIONS

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

CARLTON FIELDS, P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

Pl.'s First R/P Of Docs. And Things To Def. California Products

Exhibit A
Page 11

1.    "You" and "your" shall mean and include Defendant as well as any and all affiliates, predecessors, successors, agents, employees and other persons acting on his behalf with regard to the subject matter of the case.

2.    "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in your possession, custody, or control or of which you have knowledge, including, but not limited to, correspondence, memoranda, tapes, stenographic, or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegraphs, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, microfilms, e-mails and all other records kept by electronic means, photographs or mechanical means, and other things similar to any of the foregoing.

3.    To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    (a)    the title or other means of identification of the document;

    (b)    the date of the document;

    (c)    the author of the document;

**Exhibit** _A_
**Page** _12_

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

3

Pl.'s First R/P Of Docs. And Things To Def. California Products

(d)   the recipient or recipients of the document;

(e)   the subject matter of the document;

(f)   the present location of any and all copies of the document; and

(g)   the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

4.   "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

5.   To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

6.   The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, telexes, cables, telecopied transmissions, or other data transmissions of any type or nature, whether oral, electronic, or written.

7.   To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

8.   The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.   The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

10.   The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the interrogatory

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

4

Pl.'s First R/P Of Docs. And Things To Def. California Products   Exhibit A
Page 13

1    or request for production all responses which might otherwise be construed to be
2    outside the scope.

3        11.    The term "each" includes the word "every" and "every" includes the
4    word "each." The term "any" includes the word "all" and "all" includes the word
5    "any." The terms "and" as well as "or" shall be construed either disjunctively or
6    conjunctively so as to bring within the scope of the interrogatory or request for
7    production responses that which might otherwise be construed to be outside the
8    scope.

9        12.    "Customers" includes, but is not limited to, all individuals, companies,
10    entities, resellers or third parties to whom you (or any other entity that you are
11    affiliated with) have sold TracFone/NET10 handsets.

12        13.    "TracFone/NET10 product" means any product, good, or service
13    manufactured, distributed, sold, or offered for sale by TracFone including, without
14    limitation, TracFone prepaid wireless phones and NET10 prepaid wireless phones.

15        14.    "TracFone/NET10 handset" means a TracFone or NET10 prepaid
16    cellular phone, and any other branded wireless telephones sold by TracFone, either
17    in its original condition or after having been reprogrammed or otherwise altered or
18    tampered with.

19        15.    "Alter" means to modify, reflash, unlock, reprogram or change in any
20    way, or to attempt to modify, reflash, unlock, reprogram or change in any way, any
21    TracFone handset.

22        16.    The term "relate to" shall be construed as to include indicating,
23    referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing,
24    discussing, supporting, or contradicting.

25                        III. CLAIMS OF PRIVILEGE

26        If you contend that you are entitled on the basis of any claim of privilege to
27    withhold any information in your responses to these requests or to withhold
28    production of documents requested herein, you must comply with Fed. R. Civ. P.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1                                    5
                Pl.'s First R/P Of Docs. And Things To Def. California Products

                                    Exhibit A
                                    Page 14

1  34(c) and Fed. R. Civ. P. 26(b)(5).

## IV. **TIME FRAME**

Unless otherwise indicated, these requests for production cover the time period from January 1, 2003 up to and including the date of your response hereto.

## V. **REQUESTS FOR PRODUCTION**

1.    All documents identifying or evidencing all TracFone/NET10 handsets currently in your possession, custody, or control.

2.    All documents, including, but not limited to, communications and e-mail correspondence between you and any other person evidencing, showing, or discussing any purchase, sale, alteration, reflashing, unlocking, or shipping of any TracFone/NET10 product.

3.    All documents evidencing, showing, or otherwise relating to the advertising of any TracFone/NET10 product by you.

4.    All purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing all purchases or sales of TracFone/NET10 handsets.

5.    All documents identifying or evidencing any person who purchased or received a TracFone/NET10 handset or other TracFone/NET10 product from you at any time during the last four years.

6.    All documents identifying or evidencing any person, agent, employee, and/or "runner" or independent contractor who purchased, sold, distributed, or altered a TracFone/NET10 handset on your behalf, at your request, or from which you profited.

7.    All screenshot printouts and other documents showing or evidencing any website or domain name registered, operated, owned or used by you that: (i) depicts or depicted any TracFone/NET10 product, (ii) uses or used the TracFone/ NET10 name in part or whole, or (iii) is or was used to sell any TracFone/NET10 product in the past four years.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

6

Pl.'s First R/P Of Docs. And Things To Def. California Products

Exhibit A
Page 15

8.    All lists identifying, evidencing, or relating to your customer(s) and competitor(s) with regard to the purchase, sale, alteration, reflashing, unlocking, shipping, or advertising of any TracFone/NET10 product.

9.    All documents evidencing the shipment of any TracFone/NET10 handset to or from you, including but not limited to, FedEx, DHL, UPS, U.S. Mail and other shippers' shipping documents, shipping labels, invoices, and records.

10.    All materials, e-mails, brochures and other documents you used to recruit persons to purchase new TracFone/NET10 handsets in retail stores for resale by you.

11.    All advertising and marketing materials, e-mails, brochures and other documents you created or used to advertise the sale of any TracFone/NET10 handset to any prospective buyer.

12.    Copies of the hard drives, back-up tapes, and disks for the computers you used in connection with the purchase and sale of any TracFone/NET10 handset or other TracFone/NET10 product.

13.    All business plans or other documents that explain or otherwise evidence your business activities, including but not limited to the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

14.    All of your general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records relative to the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 handset.

15.    All sales agreements, joint venture agreements, distributorship agreements, partnership agreements, or other contracts entered into for the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

7

Pl.'s First R/P Of Docs. And Things To Def. California Products    Exhibit A
Page 16

16. Copies of all devices, computers, software, or other instruments used to access, disable, erase, unlock, alter, or modify in any way any TracFone/NET10 handset.

17. All cellular labels, cellular logo labels, tracking labels, and/or ESN Printer and Software products used for creating such labels.

18. All invoices, statements, bills of sales, purchase orders, and other documents that refer, relate, or pertain to the purchase of ESN or other tracking labels, and cellular logo labels.

19. All documents that constitute or evidence any correspondence between you and TracFone or NET10 or any other Defendant.

20. All documents and correspondence between you and any state or federal law enforcement agency, customs agency or other state or federal investigative agency or department, relating to or evidencing the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 product or other wireless handset.

21. All documents and correspondence relating to or evidencing your involvement in any lawsuit relating to the purchase, sale, alteration, shipping or advertising of any wireless handset.

22. All written and electronic communications with any supplier of ESN, tracking, or cellular logo labels, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

23. All invoices, statements, bills of sales, purchase orders, and other paper or electronic documents that refer, relate or pertain to any and all items purchased from any person or company that sells cellular phone unlocking equipment, software and/or peripherals.

24. All written and electronic communications with any person and/or company that sells cellular phone unlocking equipment, software and/or

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

8

Pl.'s First R/P Of Docs. And Things To Def. California Products

Exhibit  A
Page  17

peripherals, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

25. All products purchased from any person and/or company that sells cellular phone unlocking equipment, software and/or peripherals, including, without limitation, all unlocking boxes, cables, software and other equipment and peripheral items you have purchased from any source.

Dated: April 2, 2008

KOHUT & KOHUT, LLP

By: _____
    Megan L. Wagner
    California Bar No. 130752
    Sarah K. Kohut
    California Bar No. 197655
    KOHUT & KOHUT, LLP
    600 Anton Blvd., Suite 1075
    Costa Mesa, California 92626
    Telephone: (714) 384-4130
    Facsimile: (714) 384-4131
    Email: megan@kohutlaw.com
    sarah@kohutlaw.com

    James B. Baldinger, Trial Counsel
    Florida Bar Number 869899
    *(admitted pro hac vice)*
    Maria Montenegro
    Florida Bar Number 996084
    *(admitted pro hac vice)*
    CARLTON FIELDS, P.A.
    P.O. Box 150
    West Palm Beach, FL 33402-0150
    Telephone: (561) 659-7070
    Facsimile: (561) 659-7368
    Email: jbaldinger@carltonfields.com
    mmontenegro@carltonfields.com

    *Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787057.1

Pl.'s First R/P Of Docs. And Things To Def. California Products

Exhibit A
Page 18

Megan L. Wagner (California Bar No. 130752)
*megan@kohutlaw.com*
Sarah K. Kohut (California Bar No. 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130; Facsimile: (714) 384-4131

James B. Baldinger (Florida Bar No. 869899)
*jbaldinger@carltonfields.com*
*(admitted pro hac vice)*
Maria Montenegro (Florida Bar No. 996084)
*mmontenegro@carltonfields.com*
*(admitted pro hac vice)*
CARLTON FIELDS, P.A.
222 Lakeview Ave., Suite 1400, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070; Facsimile: (561) 659-7368

*Attorneys for TracFone Wireless, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA PRODUCTS INTERNATIONAL, INC., a California Corporation, d/b/a FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & ELECTRONICS; MOHAMAD ALI KHALIL; KASEM MOHAMAD HARKOUS; and DOES 1-10, <br><br> Defendants. | Case No.: CV08-1877 GHK (FMOx) <br><br> **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT MOHAMAD ALI KHALIL** |

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

1

Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit __A__
Page __19__

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant, MOHAMAD ALI KHALIL ("Defendant"), respond to these requests for production fully and in writing, and that Defendant produce for inspection and copying the documents and things described herein, in accordance with the definitions and instructions set forth below, at the office of **KOHUT & KOHUT, LLP, 600 Anton Boulevard, Suite No. 1075, Costa Mesa, California 92626**.

## I. <u>SUPPLEMENTATION</u>

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff states that Defendant is under a duty seasonably to supplement their responses to these requests with respect to any request directly addressed to: (1) the identity or location of persons having knowledge of discoverable matters, or (2) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he or she is expected to testify, and the substance of his or her testimony. In addition, Defendant is under a duty seasonably to amend a prior response if any Defendant or its representatives or agents obtain information on the basis of which Defendant knows that a prior response was incorrect when made, or Defendant knows that the response, although correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## II. <u>DEFINITIONS</u>

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

2
Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit A
Page 20

1.    "You" and "your" shall mean and include Defendant as well as any and all affiliates, predecessors, successors, agents, employees and other persons acting on his behalf with regard to the subject matter of the case.

2.    "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in your possession, custody, or control or of which you have knowledge, including, but not limited to, correspondence, memoranda, tapes, stenographic, or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegraphs, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, microfilms, e-mails and all other records kept by electronic means, photographs or mechanical means, and other things similar to any of the foregoing.

3.    To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    (a)    the title or other means of identification of the document;

    (b)    the date of the document;

    (c)    the author of the document;

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

3

Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit _A_
Page _21_

(d)     the recipient or recipients of the document;

(e)     the subject matter of the document;

(f)     the present location of any and all copies of the document; and

(g)     the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

4.     "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

5.     To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

6.     The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, telexes, cables, telecopied transmissions, or other data transmissions of any type or nature, whether oral, electronic, or written.

7.     To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

8.     The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.     The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the interrogatory

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

4

Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit A
Page 22

or request for production all responses which might otherwise be construed to be outside the scope.

11.    The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the interrogatory or request for production responses that which might otherwise be construed to be outside the scope.

12.    "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold TracFone/NET10 handsets.

13.    "TracFone/NET10 product" means any product, good, or service manufactured, distributed, sold, or offered for sale by TracFone including, without limitation, TracFone prepaid wireless phones and NET10 prepaid wireless phones.

14.    "TracFone/NET10 handset" means a TracFone or NET10 prepaid cellular phone, and any other branded wireless telephones sold by TracFone, either in its original condition or after having been reprogrammed or otherwise altered or tampered with.

15.    "Alter" means to modify, reflash, unlock, reprogram or change in any way, or to attempt to modify, reflash, unlock, reprogram or change in any way, any TracFone handset.

16.    The term "relate to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

### III.  CLAIMS OF PRIVILEGE

If you contend that you are entitled on the basis of any claim of privilege to withhold any information in your responses to these requests or to withhold production of documents requested herein, you must comply with Fed. R. Civ. P.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

5

Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit A
Page 23

34(c) and Fed. R. Civ. P. 26(b)(5).

## IV.  TIME FRAME

Unless otherwise indicated, these requests for production cover the time period from January 1, 2003 up to and including the date of your response hereto.

## V.  REQUESTS FOR PRODUCTION

1.    All documents identifying or evidencing all TracFone/NET10 handsets currently in your possession, custody, or control.

2.    All documents, including, but not limited to, communications and e-mail correspondence between you and any other person evidencing, showing, or discussing any purchase, sale, alteration, reflashing, unlocking, or shipping of any TracFone/NET10 product.

3.    All documents evidencing, showing, or otherwise relating to the advertising of any TracFone/NET10 product by you.

4.    All purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing all purchases or sales of TracFone/NET10 handsets.

5.    All documents identifying or evidencing any person who purchased or received a TracFone/NET10 handset or other TracFone/NET10 product from you at any time during the last four years.

6.    All documents identifying or evidencing any person, agent, employee, and/or "runner" or independent contractor who purchased, sold, distributed, or altered a TracFone/NET10 handset on your behalf, at your request, or from which you profited.

7.    All screenshot printouts and other documents showing or evidencing any website or domain name registered, operated, owned or used by you that: (i) depicts or depicted any TracFone/NET10 product, (ii) uses or used the TracFone/NET10 name in part or whole, or (iii) is or was used to sell any TracFone/NET10 product in the past four years.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

6

Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit A
Page 24

8. All lists identifying, evidencing, or relating to your customer(s) and competitor(s) with regard to the purchase, sale, alteration, reflashing, unlocking, shipping, or advertising of any TracFone/NET10 product.

9. All documents evidencing the shipment of any TracFone/NET10 handset to or from you, including but not limited to, FedEx, DHL, UPS, U.S. Mail and other shippers' shipping documents, shipping labels, invoices, and records.

10. All materials, e-mails, brochures and other documents you used to recruit persons to purchase new TracFone/NET10 handsets in retail stores for resale by you.

11. All advertising and marketing materials, e-mails, brochures and other documents you created or used to advertise the sale of any TracFone/NET10 handset to any prospective buyer.

12. Copies of the hard drives, back-up tapes, and disks for the computers you used in connection with the purchase and sale of any TracFone/NET10 handset or other TracFone/NET10 product.

13. All business plans or other documents that explain or otherwise evidence your business activities, including but not limited to the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

14. All of your general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records relative to the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 handset.

15. All sales agreements, joint venture agreements, distributorship agreements, partnership agreements, or other contracts entered into for the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit A
Page 25

16.     Copies of all devices, computers, software, or other instruments used to access, disable, erase, unlock, alter, or modify in any way any TracFone/NET10 handset.

17.     All cellular labels, cellular logo labels, tracking labels, and/or ESN Printer and Software products used for creating such labels.

18.     All invoices, statements, bills of sales, purchase orders, and other documents that refer, relate, or pertain to the purchase of ESN or other tracking labels, and cellular logo labels.

19.     All documents that constitute or evidence any correspondence between you and TracFone or NET10 or any other Defendant.

20.     All documents and correspondence between you and any state or federal law enforcement agency, customs agency or other state or federal investigative agency or department, relating to or evidencing the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 product or other wireless handset.

21.     All documents and correspondence relating to or evidencing your involvement in any lawsuit relating to the purchase, sale, alteration, shipping or advertising of any wireless handset.

22.     All written and electronic communications with any supplier of ESN, tracking, or cellular logo labels, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

23.     All invoices, statements, bills of sales, purchase orders, and other paper or electronic documents that refer, relate or pertain to any and all items purchased from any person or company that sells cellular phone unlocking equipment, software and/or peripherals.

24.     All written and electronic communications with any person and/or company that sells cellular phone unlocking equipment, software and/or

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit A
Page 26

peripherals, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

25. All products purchased from any person and/or company that sells cellular phone unlocking equipment, software and/or peripherals, including, without limitation, all unlocking boxes, cables, software and other equipment and peripheral items you have purchased from any source.

Dated: April 2, 2008

KOHUT & KOHUT, LLP

By: _____
Megan L. Wagner
California Bar No. 130752
Sarah K. Kohut
California Bar No. 197655
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131
Email: megan@kohutlaw.com
sarah@kohutlaw.com

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
(admitted pro hac vice)
Maria Montenegro
Florida Bar Number 996084
(admitted pro hac vice)
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Email: jbaldinger@carltonfields.com
mmontenegro@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787056.1

9
Pl.'s First R/P Of Docs. And Things To Def. Khalil

Exhibit A
Page 27

1  Megan L. Wagner (California Bar No. 130752)
2  *megan@kohutlaw.com*
   Sarah K. Kohut (California Bar No. 197655)
3  *sarah@kohutlaw.com*
4  KOHUT & KOHUT, LLP
   600 Anton Blvd., Suite 1075
5  Costa Mesa, California 92626
6  Telephone: (714) 384-4130
   Facsimile: (714) 384-4131
7

8  James B. Baldinger (Florida Bar No. 869899)
   *jbaldinger@carltonfields.com*
9  *(admitted pro hac vice)*
10 Maria Montenegro (Florida Bar No. 996084)
   *mmontenegro@carltonfields.com*
11 *(admitted pro hac vice)*
12 CARLTON FIELDS, P.A.
   222 Lakeview Ave., Suite 1400, P.O. Box 150
13 West Palm Beach, FL 33402-0150
14 Telephone: (561) 659-7070
   Facsimile: (561) 659-7368
15
   *Attorneys for TracFone Wireless, Inc.*
16

17          **UNITED STATES DISTRICT COURT**

18  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 19  TRACFONE WIRELESS, INC., a Delaware Corporation, | Case No.: CV08-1877 GHK (FMOx) |
| 20          Plaintiff, | **PLAINTIFF'S FIRST REQUEST** |
| 21     v. | **FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT KASEM MOHAMAD HARKOUS** |
| 22  CALIFORNIA PRODUCTS INTERNATIONAL, INC., a California Corporation, d/b/a | |
| 23  FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & | |
| 24  ELECTRONICS; MOHAMAD ALI KHALIL; KASEM | |
| 25  MOHAMAD HARKOUS; and DOES 1-10, | |
| 26     Defendants. | |
| 27 | |

28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1

1

Pl.'s First R/P Of Docs. And Things To Def. Harkous

Exhibit A
Page 28

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant, KASEM MOHAMAD HARKOUS ("Defendant"), respond to these requests for production fully and in writing, and that Defendant produce for inspection and copying the documents and things described herein, in accordance with the definitions and instructions set forth below, at the office of **KOHUT & KOHUT, LLP, 600 Anton Boulevard, Suite No. 1075, Costa Mesa, California 92626**.

## I. <u>SUPPLEMENTATION</u>

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff states that Defendant is under a duty seasonably to supplement their responses to these requests with respect to any request directly addressed to: (1) the identity or location of persons having knowledge of discoverable matters, or (2) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he or she is expected to testify, and the substance of his or her testimony. In addition, Defendant is under a duty seasonably to amend a prior response if any Defendant or its representatives or agents obtain information on the basis of which Defendant knows that a prior response was incorrect when made, or Defendant knows that the response, although correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## II. <u>DEFINITIONS</u>

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1

2

Pl.'s First R/P Of Docs. And Things To Def. Harkous

Exhibit A
Page 29

1.    "You" and "your" shall mean and include Defendant as well as any and all affiliates, predecessors, successors, agents, employees and other persons acting on his behalf with regard to the subject matter of the case.

2.    "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in your possession, custody, or control or of which you have knowledge, including, but not limited to, correspondence, memoranda, tapes, stenographic, or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegraphs, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, microfilms, e-mails and all other records kept by electronic means, photographs or mechanical means, and other things similar to any of the foregoing.

3.    To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)    the title or other means of identification of the document;

(b)    the date of the document;

(c)    the author of the document;

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1

3

Pl.'s First R/P Of Docs. And Things To Def. Harkous

Exhibit A
Page 30

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

1          (d)    the recipient or recipients of the document;

2          (e)    the subject matter of the document;

3          (f)    the present location of any and all copies of the document;

4  and

5          (g)    the names and current addresses of any and all persons

6  who have possession, custody or control of the document or copies

7  thereof.

8      4.    "Person" means natural persons, individuals, firms, corporations,

9  partnerships, proprietorships, joint ventures, unincorporated associations,

10  government agencies, and all other organizations or entities of any type.

11      5.    To "identify" a person means to state the person's full name, present or

12  last known address and telephone number, and present or last known business

13  affiliation and title.

14      6.    The phrase "contact or communication" includes all instances in which

15  information has been transmitted from one person or entity to another, including,

16  but not limited to, telephone conversations, meetings, conferences, correspondence,

17  other mailings, telexes, cables, telecopied transmissions, or other data transmissions

18  of any type or nature, whether oral, electronic, or written.

19      7.    To "identify" a contact or communication means to state the date of

20  the contact or communication, the person or persons involved in, participating in, or

21  present at the contact or communication, and the nature or type of the contact or

22  communication.

23      8.    The term "entity" means corporations, companies, businesses,

24  partnerships, proprietorships, or fictitious or trade names.

25      9.    The singular and masculine form of any word shall embrace, and shall

26  be read and applied as embracing, the plural, the feminine, and the neuter.

27      10.    The use of a verb in any tense shall be construed as the use of the verb

28  in all other tenses, wherever necessary to bring within the scope of the interrogatory

12787050.1              4
Pl.'s First R/P Of Docs. And Things To Def. Harkous

Exhibit A
Page 31

1   or request for production all responses which might otherwise be construed to be
2   outside the scope.

3        11.    The term "each" includes the word "every" and "every" includes the
4   word "each."  The term "any" includes the word "all" and "all" includes the word
5   "any."  The terms "and" as well as "or" shall be construed either disjunctively or
6   conjunctively so as to bring within the scope of the interrogatory or request for
7   production responses that which might otherwise be construed to be outside the
8   scope.

9        12.    "Customers" includes, but is not limited to, all individuals, companies,
10  entities, resellers or third parties to whom you (or any other entity that you are
11  affiliated with) have sold TracFone/NET10 handsets.

12       13.    "TracFone/NET10 product" means any product, good, or service
13  manufactured, distributed, sold, or offered for sale by TracFone including, without
14  limitation, TracFone prepaid wireless phones and NET10 prepaid wireless phones.

15       14.    "TracFone/NET10 handset" means a TracFone or NET10 prepaid
16  cellular phone, and any other branded wireless telephones sold by TracFone, either
17  in its original condition or after having been reprogrammed or otherwise altered or
18  tampered with.

19       15.    "Alter" means to modify, reflash, unlock, reprogram or change in any
20  way, or to attempt to modify, reflash, unlock, reprogram or change in any way, any
21  TracFone handset.

22       16.    The term "relate to" shall be construed as to include indicating,
23  referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing,
24  discussing, supporting, or contradicting.

25                        **III.  CLAIMS OF PRIVILEGE**

26       If you contend that you are entitled on the basis of any claim of privilege to
27  withhold any information in your responses to these requests or to withhold
28  production of documents requested herein, you must comply with Fed. R. Civ. P.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1

5

Pl.'s First R/P Of Docs. And Things To Def. Harkous

Exhibit A
Page 32

1    34(c) and Fed. R. Civ. P. 26(b)(5).

2    **IV. TIME FRAME**

3    Unless otherwise indicated, these requests for production cover the time
4    period from January 1, 2003 up to and including the date of your response hereto.

5    **V. REQUESTS FOR PRODUCTION**

6    1.    All documents identifying or evidencing all TracFone/NET10 handsets
7    currently in your possession, custody, or control.

8    2.    All documents, including, but not limited to, communications and e-
9    mail correspondence between you and any other person evidencing, showing, or
10    discussing any purchase, sale, alteration, reflashing, unlocking, or shipping of any
11    TracFone/NET10 product.

12    3.    All documents evidencing, showing, or otherwise relating to the
13    advertising of any TracFone/NET10 product by you.

14    4.    All purchase orders, receipts, sales orders, invoices, statements,
15    communications, and other documents evidencing all purchases or sales of
16    TracFone/NET10 handsets.

17    5.    All documents identifying or evidencing any person who purchased or
18    received a TracFone/NET10 handset or other TracFone/NET10 product from you at
19    any time during the last four years.

20    6.    All documents identifying or evidencing any person, agent, employee,
21    and/or "runner" or independent contractor who purchased, sold, distributed, or
22    altered a TracFone/NET10 handset on your behalf, at your request, or from which
23    you profited.

24    7.    All screenshot printouts and other documents showing or evidencing
25    any website or domain name registered, operated, owned or used by you that: (i)
26    depicts or depicted any TracFone/NET10 product, (ii) uses or used the TracFone/
27    NET10 name in part or whole, or (iii) is or was used to sell any TracFone/NET10
28    product in the past four years.

**Exhibit** A
**Page** 33

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1    6

Pl.'s First R/P Of Docs. And Things To Def. Harkous

8.   All lists identifying, evidencing, or relating to your customer(s) and competitor(s) with regard to the purchase, sale, alteration, reflashing, unlocking, shipping, or advertising of any TracFone/NET10 product.

9.   All documents evidencing the shipment of any TracFone/NET10 handset to or from you, including but not limited to, FedEx, DHL, UPS, U.S. Mail and other shippers' shipping documents, shipping labels, invoices, and records.

10.   All materials, e-mails, brochures and other documents you used to recruit persons to purchase new TracFone/NET10 handsets in retail stores for resale by you.

11.   All advertising and marketing materials, e-mails, brochures and other documents you created or used to advertise the sale of any TracFone/NET10 handset to any prospective buyer.

12.   Copies of the hard drives, back-up tapes, and disks for the computers you used in connection with the purchase and sale of any TracFone/NET10 handset or other TracFone/NET10 product.

13.   All business plans or other documents that explain or otherwise evidence your business activities, including but not limited to the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

14.   All of your general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records relative to the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 handset.

15.   All sales agreements, joint venture agreements, distributorship agreements, partnership agreements, or other contracts entered into for the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

Exhibit A
Page 34

7

Pl.'s First R/P Of Docs. And Things To Def. Harkous

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1

16. Copies of all devices, computers, software, or other instruments used to access, disable, erase, unlock, alter, or modify in any way any TracFone/NET10 handset.

17. All cellular labels, cellular logo labels, tracking labels, and/or ESN Printer and Software products used for creating such labels.

18. All invoices, statements, bills of sales, purchase orders, and other documents that refer, relate, or pertain to the purchase of ESN or other tracking labels, and cellular logo labels.

19. All documents that constitute or evidence any correspondence between you and TracFone or NET10 or any other Defendant.

20. All documents and correspondence between you and any state or federal law enforcement agency, customs agency or other state or federal investigative agency or department, relating to or evidencing the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 product or other wireless handset.

21. All documents and correspondence relating to or evidencing your involvement in any lawsuit relating to the purchase, sale, alteration, shipping or advertising of any wireless handset.

22. All written and electronic communications with any supplier of ESN, tracking, or cellular logo labels, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

23. All invoices, statements, bills of sales, purchase orders, and other paper or electronic documents that refer, relate or pertain to any and all items purchased from any person or company that sells cellular phone unlocking equipment, software and/or peripherals.

24. All written and electronic communications with any person and/or company that sells cellular phone unlocking equipment, software and/or

Exhibit A
Page 35

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1

8

Pl.'s First R/P Of Docs. And Things To Def. Harkous

peripherals, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

25. All products purchased from any person and/or company that sells cellular phone unlocking equipment, software and/or peripherals, including, without limitation, all unlocking boxes, cables, software and other equipment and peripheral items you have purchased from any source.

Dated: April 2, 2008

KOHUT & KOHUT, LLP

By: _____

Megan L. Wagner
California Bar No. 130752
Sarah K. Kohut
California Bar No. 197655
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile:  (714) 384-4131
Email: megan@kohutlaw.com
sarah@kohutlaw.com

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
*(admitted pro hac vice)*
Maria Montenegro
Florida Bar Number 996084
*(admitted pro hac vice)*
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:  (561) 659-7070
Facsimile:   (561) 659-7368
Email: jbaldinger@carltonfields.com
mmontenegro@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS, P.A.
ATTORNEYS AT LAW
MIAMI

12787050.1

9
Pl.'s First R/P Of Docs. And Things To Def. Harkous

Exhibit A
Page 36

1  Megan L. Wagner (California Bar No. 130752)
2  *megan@kohutlaw.com*
   Sarah K. Kohut (California Bar No. 197655)
3  *sarah@kohutlaw.com*
   KOHUT & KOHUT, LLP
4  600 Anton Blvd., Suite 1075
5  Costa Mesa, CA 92626
   Telephone: (714) 384-4130; Facsimile:(714) 384-4131
6
7  James B. Baldinger (Florida Bar No. 869899)
8  *jbaldinger@carltonfields.com*
   *(admitted pro hac vice)*
9  Maria Montenegro (Florida Bar No. 996084)
10 *mmontenegro@carltonfields.com*
   *(admitted pro hac vice)*
11 CARLTON FIELDS, P.A.
12 222 Lakeview Ave., Suite 1400, P.O. Box 150
   West Palm Beach, FL 33402-0150
13 Telephone: (561) 659-7070; Facsimile: (561) 659-7368
14 *Attorneys for TracFone Wireless, Inc.*
15
16              **UNITED STATES DISTRICT COURT**
17     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
18 TRACFONE WIRELESS,            )   Case No.: CV08-0877 GHK (FMOx)
   INC., a Delaware Corporation, )
19                               )
        Plaintiff,               )   **PLAINTIFF'S NOTICE OF**
20                               )   **TAKING 30(b)(6) DEPOSITION OF**
        v.                       )   **DEFENDANT CALIFORNIA**
21                               )   **PRODUCTS INTERNATIONAL,**
   CALIFORNIA PRODUCTS          )   **INC.**
22 INTERNATIONAL, INC., a        )
   California Corporation, d/b/a  )
23 FASHION JEANS EXPORTS        )
   and d/b/a CPI COMPUTERS &     )
24 ELECTRONICS; MOHAMAD          )
   ALI KHALIL; KASEM             )
25 MOHAMAD HARKOUS; and          )
   DOES 1-10,                    )
26                               )
        Defendants.              )
27                               )
28

                                    1
12800600.1  Notice Of Taking 30(b)(6) Deposition Of Def. California Products International, Inc.

Exhibit A
Page 31

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(6) and this Court's Order Granting Motion for Expedited Discovery, the undersigned counsel for Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), will take the deposition of Defendant, **CALIFORNIA PRODUCTS INTERNATIONAL, INC. d/b/a FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & ELECTRONICS**, ("CPI"), upon oral examination at a date and time to be determined by the parties at the office of **KOHUT & KOHUT, LLP, 600 Anton Boulevard, Suite No. 1075, Costa Mesa, California 92626, Telephone No. (714) 384-4130.**

Pursuant to Fed. R. Civ. P. 30(b)(6), CPI is to designate one or more officers, directors, managing agents or other persons knowledgeable of the subject areas described in **Exhibit "A"** attached hereto and who shall testify as to matters known or reasonably available to CPI.

The Deposition will take place before a court reporter, notary public or other officer authorized to administer oaths and will continue from day to day until completed, subject to such adjournment as may be agreed upon by counsel. The Deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as permitted under the United States District Court, Federal Rules of Civil Procedure. You are invited to attend and participate in the manner provided for in the Federal Rules of Civil Procedure.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800600.1

2

Notice Of Taking 30(b)(6) Deposition Of Def. California Products International, Inc.

Exhibit A
Page 38

Dated: April 2, 2008

KOHUT & KOHUT, LLP

By: _____

Megan L. Wagner
California Bar No. 130752
Sarah K. Kohut
California Bar No. 197655
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131
Email: megan@kohutlaw.com
        sarah@kohutlaw.com

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
(admitted pro hac vice)
Maria Montenegro
Florida Bar Number 996084
(admitted pro hac vice)
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Email: jbaldinger@carltonfields.com
        mmontenegro@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
Miami

12800600.1

3

Notice Of Taking 30(b)(6) Deposition Of Def. California Products International, Inc.

Exhibit A
Page 45

## EXHIBIT "A"

The Definitions set forth in TracFone's First Request for Production of Documents and Things to Defendant CPI are incorporated herein by reference.

1.      All TracFone/NET10 handsets currently in your possession, custody, or control.

2.      All communications between you and any other person regarding any purchase, sale, alteration, reflashing, unlocking, or shipping of any TracFone/NET10 product.

3.      All advertising of any TracFone/NET10 product by you.

4.      All purchases or sales of TracFone/ NET10 handsets by you.

5.      All persons who purchased or received a TracFone/NET10 handset or other TracFone/NET10 product from you at any time during the last four years.

6.      Any person, agent, employee, and/or "runner" or independent contractor who purchased, sold, distributed, or altered a TracFone/NET10 handset on your behalf, at your request, or from which you profited.

7.      Any website or domain name registered, operated, owned or used by you that: (i) depicts or depicted any TracFone/NET10 product, (ii) uses or used the TracFone/ NET10 name in part or whole, or (iii) is or was used to sell any TracFone/NET10 product in the past four years.

8.      All of your customer(s) and competitor(s) with regard to the purchase, sale, alteration, reflashing, unlocking, shipping, or advertising of any TracFone/NET10 product.

9.      Any shipment of any TracFone/NET10 hand-set to or from you.

10.     All materials you used to recruit persons to purchase new TracFone/NET10 handsets in retail stores for resale by you.

11.     All advertising and marketing you used to advertise the sale of any TracFone/NET10 handset to any prospective buyer.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800600.1

4

Notice Of Taking 30(b)(6) Deposition Of Def. California Products International, Inc.

Exhibit A
Page 40

12. Information stored on any hard drives, back-up tapes, and disks for the computers you used in connection with the purchase and sale of any TracFone/NET10 handset or other TracFone/NET10 product.

13. All business plans that explain your business activities, including but not limited to the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

14. All of your general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records relative to the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 handset.

15. All sales agreements, joint venture agreements, distributorship agreements, partnership agreements, or other contracts entered into for the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

16. All devices, computers, software, or other instruments used to access, disable, erase, unlock, alter, or modify in any way any TracFone/NET10 handset.

17. All cellular labels, cellular logo labels, tracking labels, and/or ESN Printer and Software products used for creating such labels.

18. The purchase of ESN or other tracking labels, and cellular logo labels.

19. All communications between you and TracFone or NET10 or any other Defendant.

20. All communications between you and any state or federal law enforcement agency, customs agency or other state or federal investigative agency or department, relating to the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 product or other wireless handset.

CARLTON FIELDS, P.A.
ATTORNEYS AT LAW
MIAMI

12800600.1     Notice Of Taking 30(b)(6) Deposition Of Def. California Products International, Inc.

Exhibit A
Page 41

1   21.   All communications relating to or evidencing your involvement in any

2   lawsuit relating to the purchase, sale, alteration, shipping or advertising of any

3   wireless handset.

4   22.   All communications with any supplier of ESN, tracking, or cellular

5   logo labels.

6   23.   All items purchased from any person or company that sells cellular

7   phone unlocking equipment, software and/or peripherals.

8   24.   All communications with any person and/or company that sells cellular

9   phone unlocking equipment, software and/or peripherals.

10   25.   All products purchased from any person and/or company that sells

11   cellular phone unlocking equipment, software and/or peripherals.

12   26.   The insurance policies that may provide coverage for the allegations

13   raised in this complaint.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800600.1

6

Notice Of Taking 30(b)(6) Deposition Of Def. California Products International, Inc.

**Exhibit** A
**Page** 42

Megan L. Wagner (California Bar No. 130752)
*megan@kohutlaw.com*
Sarah K. Kohut (California Bar No. 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131

James B. Baldinger (Florida Bar No. 869899)
*(admitted pro hac vice)*
*jbaldinger@carltonfields.com*
Maria Montenegro (Florida Bar No. 996084)
*(admitted pro hac vice)*
*mmontenegro@carltonfields.com*
CARLTON FIELDS, P.A.
222 Lakeview Ave., Suite 1400, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

*Attorneys for TracFone Wireless, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA PRODUCTS INTERNATIONAL, INC., a California Corporation, d/b/a FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & ELECTRONICS; MOHAMAD ALI KHALIL; KASEM MOHAMAD HARKOUS; and DOES 1-10, <br><br> Defendants. | Case No. CV08-0877 GHK (FMOx) <br><br> **PLAINTIFF'S NOTICE OF TAKING VIDEOTAPED DEPOSITION DUCES TECUM OF DEFENDANT MOHAMAD ALI KHALIL** |

1

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b) and this Court's Order Granting Motion for Expedited Discovery, the undersigned counsel for Plaintiff, TRACFONE WIRELESS, INC., will take the videotaped deposition of **MOHAMAD ALI KHALIL**, upon oral examination at a date and time to be determined by the parties at the office of **KOHUT & KOHUT, LLP, 600 Anton Boulevard, Suite No. 1075, Costa Mesa, California 92626, Telephone No. (714) 384-4130**.

**PLEASE TAKE FURTHER NOTICE** that **MOHAMAD ALI KHALIL** is required to produce, at the deposition, all of the items listed in the attached Exhibit "A".

The deposition shall be upon oral examination before a certified shorthand reporter duly authorized to administer oaths and will be recorded through stenographic and audiovisual (videotape) means.

The Deposition will continue from day to day until completed, subject to such adjournment as may be agreed upon by counsel.

The Deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as permitted under the United States District Court, Federal Rules of Civil Procedure.

You are invited to attend and participate in the manner provided for in the Federal Rules of Civil Procedure.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800637.1

2
Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Mohamad Ali Khalil

Exhibit A
Page 44

Dated: April 2, 2008                KOHUT & KOHUT, LLP


By: _____
Megan L. Wagner
(California Bar No. 130752)
Sarah K. Kohut
(California Bar No. 197655)
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626
Telephone:  (714) 384-4130
Facsimile:  (714) 384-4131
Email: megan@kohutlaw.com
          sarah@kohutlaw.com

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
(admitted pro hac vice)
Maria Montenegro
Florida Bar Number 996084
(admitted pro hac vice)
CARLTON FIELDS, P.A.
222  Lakeview Ave., P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:  (561) 659-7070
Facsimile:   (561) 659-7368
Email: jbaldinger@carltonfields.com
mmontenegro@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800637.1

3
Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Mohamad Ali Khalil

Exhibit A
Page 45

# EXHIBIT "A"

The Definitions set forth in TracFone's First Request for Production of Documents and Things to Defendant Mohamad Ali Khalil are incorporated herein by reference.

1.    All documents identifying or evidencing all TracFone/NET10 handsets currently in your possession, custody, or control.

2.    All documents, including, but not limited to, communications and e-mail correspondence between you and any other person evidencing, showing, or discussing any purchase, sale, alteration, reflashing, unlocking, or shipping of any TracFone/NET10 product.

3.    All documents evidencing, showing, or otherwise relating to the advertising of any TracFone/NET10 product by you.

4.    All purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing all purchases or sales of TracFone/NET10 handsets.

5.    All documents identifying or evidencing any person who purchased or received a TracFone/NET10 handset or other TracFone/NET10 product from you at any time during the last four years.

6.    All documents identifying or evidencing any person, agent, employee, and/or "runner" or independent contractor who purchased, sold, distributed, or altered a TracFone/NET10 handset on your behalf, at your request, or from which you profited.

7.    All screenshot printouts and other documents showing or evidencing any website or domain name registered, operated, owned or used by you that: (i) depicts or depicted any TracFone/NET10 product, (ii) uses or used the TracFone/NET10 name in part or whole, or (iii) is or was used to sell any TracFone/NET10 product in the past four years.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800637.1

4

Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Mohamad Ali Khalil

Exhibit A
Page 46

8. All lists identifying, evidencing, or relating to your customer(s) and competitor(s) with regard to the purchase, sale, alteration, reflashing, unlocking, shipping, or advertising of any TracFone/NET10 product.

9. All documents evidencing the shipment of any TracFone/NET10 handset to or from you, including but not limited to, FedEx, DHL, UPS, U.S. Mail and other shippers' shipping documents, shipping labels, invoices, and records.

10. All materials, e-mails, brochures and other documents you used to recruit persons to purchase new TracFone/NET10 handsets in retail stores for resale by you.

11. All advertising and marketing materials, e-mails, brochures and other documents you created or used to advertise the sale of any TracFone/NET10 handset to any prospective buyer.

12. Copies of the hard drives, back-up tapes, and disks for the computers you used in connection with the purchase and sale of any TracFone/NET10 handset or other TracFone/NET10 product.

13. All business plans or other documents that explain or otherwise evidence your business activities, including but not limited to the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

14. All of your general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records relative to the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 handset.

15. All sales agreements, joint venture agreements, distributorship agreements, partnership agreements, or other contracts entered into for the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

5

12800637.1     Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Mohamad Ali Khalil

Exhibit A
Page 47

1     16.    Copies of all devices, computers, software, or other instruments used

2 to access, disable, erase, unlock, alter, or modify in any way any TracFone/NET10

3 handset.

4     17.    All cellular labels, cellular logo labels, tracking labels, and/or ESN

5 Printer and Software products used for creating such labels.

6     18.    All invoices, statements, bills of sales, purchase orders, and other

7 documents that refer, relate, or pertain to the purchase of ESN or other tracking

8 labels, and cellular logo labels.

9     19.    All documents that constitute or evidence any correspondence between

10 you and TracFone or NET10 or any other Defendant.

11     18.    All documents and correspondence between you and any state or

12 federal law enforcement agency, customs agency or other state or federal investi-

13 gative agency or department, relating to or evidencing the purchase, sale, alteration,

14 shipping or advertising of any TracFone/NET10 product or other wireless handset.

15     19.    All documents and correspondence relating to or evidencing your

16 involvement in any lawsuit relating to the purchase, sale, alteration, shipping or

17 advertising of any wireless handset.

18     20.    All written and electronic communications with any supplier of ESN,

19 tracking, or cellular logo labels, including, without limitation, all letters, memo-

20 randa, facsimiles, e-mails and other documents.

21     21.    All invoices, statements, bills of sales, purchase orders, and other

22 paper or electronic documents that refer, relate or pertain to any and all items pur-

23 chased from any person or company that sells cellular phone unlocking equipment,

24 software and/or peripherals.

25     22.    All written and electronic communications with any person and/or

26 company that sells cellular phone unlocking equipment, software and/or peripher-

27

28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800637.1

6

Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Mohamad Ali Khalil

Exhibit A
Page 48

als, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

23.     All products purchased from any person and/or company that sells cellular phone unlocking equipment, software and/or peripherals, including, without limitation, all unlocking boxes, cables, software and other equipment and peripheral items you have purchased from any source.

24.     Copies of all insurance policies that may provide coverage for the allegations raised in this complaint.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800637.1

Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Mohamad Ali Khalil

**Exhibit** A
**Page** 55

Megan L. Wagner (California Bar No. 130752)
*megan@kohutlaw.com*
Sarah K. Kohut (California Bar No. 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626
Telephone: (714) 384-4130; Facsimile: (714) 384-4131

James B. Baldinger (Florida Bar No. 869899)
*(admitted pro hac vice)*
*jbaldinger@carltonfields.com*
Maria Montenegro (Florida Bar No. 996084)
*(admitted pro hace vice)*
*mmontenegro@carltonfields.com*
CARLTON FIELDS, P.A.
222 Lakeview Ave., Suite 1400, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070; Facsimile: (561) 659-7368

*Attorneys for TracFone Wireless, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA PRODUCTS INTERNATIONAL, INC., a California Corporation, d/b/a FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & ELECTRONICS; MOHAMAD ALI KHALIL; KASEM MOHAMAD HARKOUS; and DOES 1-10,<br><br>    Defendants. | Case No. CV08-0877 GHK (FMOx)<br><br>**NOTICE OF TAKING VIDEOTAPED DEPOSITION OF DEFENDANT KASEM MOHAMAD HARKOUS AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

1

Exhibit A
Page 50

1  **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure

2  30(b) and this Court's Order Granting Motion for Expedited Discovery, the

3  undersigned counsel for Plaintiff, TRACFONE WIRELESS, INC., will take the

4  videotaped deposition of **KASEM MOHAMAD HARKOUS**, upon oral

5  examination at a date and time to be determined by the parties at the office of

6  **KOHUT & KOHUT, LLP, 600 Anton Boulevard, Suite No. 1075, Costa Mesa,**

7  **California 92626, Telephone No. (714) 384-4130**.

8  **PLEASE TAKE FURTHER NOTICE** that **Kasem Mohamed Harkous** is

9  required to produce, at the deposition, all of the items listed in the attached Exhibit

10  "A".

11  The deposition shall be upon oral examination before a certified shorthand

12  reporter duly authorized to administer oaths and will be recorded through

13  stenographic and audiovisual (videotape) means.

14  The Deposition will continue from day to day until completed, subject to

15  such adjournment as may be agreed upon by counsel.

16  The Deposition is being taken for the purpose of discovery, for use at trial, or

17  for such other purposes as permitted under the United States District Court, Federal

18  Rules of Civil Procedure.

19  You are invited to attend and participate in the manner provided for in the

20  Federal Rules of Civil Procedure.

21

22

23

24

25

26

27

28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800657.1

2
Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Kasem Mohamad Harkous

Exhibit A
Page 51

Dated: April 2, 2008

KOHUT & KOHUT, LLP

By: _____

Megan L. Wagner
(California Bar No. 130752)
Sarah K. Kohut
(California Bar No. 197655)
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131
Email: megan@kohutlaw.com
        sarah@kohutlaw.com

James B. Baldinger, Trial Counsel
*(Admitted Pro Hac Vice)*
Florida Bar Number 869899
Maria Montenegro
*(Admitted Pro Hac Vice)*Florida Bar
Number 996084
CARLTON FIELDS, P.A.
222 Lakeview Ave., P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Email: jbaldinger@carltonfields.com
        mmontenegro@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800657.1

3
Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Kasem Mohamad Harkous

Exhibit A
Page 52

# EXHIBIT "A"

The Definitions set forth in TracFone's First Request for Production of Documents and Things to Defendant Kasem Mohamad Harkous are incorporated herein by reference.

1. All documents identifying or evidencing all TracFone/NET10 handsets currently in your possession, custody, or control.

2. All documents, including, but not limited to, communications and e-mail correspondence between you and any other person evidencing, showing, or discussing any purchase, sale, alteration, reflashing, unlocking, or shipping of any TracFone/NET10 product.

3. All documents evidencing, showing, or otherwise relating to the advertising of any TracFone/NET10 product by you.

4. All purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing all purchases or sales of TracFone/NET10 handsets.

5. All documents identifying or evidencing any person who purchased or received a TracFone/NET10 handset or other TracFone/NET10 product from you at any time during the last four years.

6. All documents identifying or evidencing any person, agent, employee, and/or "runner" or independent contractor who purchased, sold, distributed, or altered a TracFone/NET10 handset on your behalf, at your request, or from which you profited.

7. All screenshot printouts and other documents showing or evidencing any website or domain name registered, operated, owned or used by you that: (i) depicts or depicted any TracFone/NET10 product, (ii) uses or used the TracFone/NET10 name in part or whole, or (iii) is or was used to sell any TracFone/NET10 product in the past four years.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800657.1

4

Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Kasem Mohamad Harkous

Exhibit A
Page 59

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.   All lists identifying, evidencing, or relating to your customer(s) and competitor(s) with regard to the purchase, sale, alteration, reflashing, unlocking, shipping, or advertising of any TracFone/NET10 product.

9.   All documents evidencing the shipment of any TracFone/NET10 hand-set to or from you, including but not limited to, FedEx, DHL, UPS, U.S. Mail and other shippers' shipping documents, shipping labels, invoices, and records.

10.   All materials, e-mails, brochures and other documents you used to recruit persons to purchase new TracFone/NET10 handsets in retail stores for resale by you.

11.   All advertising and marketing materials, e-mails, brochures and other documents you created or used to advertise the sale of any TracFone/NET10 handset to any prospective buyer.

12.   Copies of the hard drives, back-up tapes, and disks for the computers you used in connection with the purchase and sale of any TracFone/NET10 handset or other TracFone/NET10 product.

13.   All business plans or other documents that explain or otherwise evi-dence your business activities, including but not limited to the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

14.   All of your general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeep-ing records relative to the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 handset.

15.   All sales agreements, joint venture agreements, distributorship agree-ments, partnership agreements, or other contracts entered into for the purchase, sale, alteration, shipping, or advertising of any TracFone/NET10 handset.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800657.1

5
Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Kasem Mohamad Harkous

Exhibit  A
Page  54

16.     Copies of all devices, computers, software, or other instruments used to access, disable, erase, unlock, alter, or modify in any way any TracFone/NET10 handset.

17.     All cellular labels, cellular logo labels, tracking labels, and/or ESN Printer and Software products used for creating such labels.

18.     All invoices, statements, bills of sales, purchase orders, and other documents that refer, relate, or pertain to the purchase of ESN or other tracking labels, and cellular logo labels.

19.     All documents that constitute or evidence any correspondence between you and TracFone or NET10 or any other Defendant.

20.     All documents and correspondence between you and any state or federal law enforcement agency, customs agency or other state or federal investigative agency or department, relating to or evidencing the purchase, sale, alteration, shipping or advertising of any TracFone/NET10 product or other wireless handset.

21.     All documents and correspondence relating to or evidencing your involvement in any lawsuit relating to the purchase, sale, alteration, shipping or advertising of any wireless handset.

22.     All written and electronic communications with any supplier of ESN, tracking, or cellular logo labels, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

23.     All invoices, statements, bills of sales, purchase orders, and other paper or electronic documents that refer, relate or pertain to any and all items purchased from any person or company that sells cellular phone unlocking equipment, software and/or peripherals.

24.     All written and electronic communications with any person and/or company that sells cellular phone unlocking equipment, software and/or peripherals, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800657.1     Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Kasem Mohamad Harkous

Exhibit A
Page 55

1    25.    All products purchased from any person and/or company that sells
2  cellular phone unlocking equipment, software and/or peripherals, including, without
3  limitation, all unlocking boxes, cables, software and other equipment and peripheral
4  items you have purchased from any source.

5    26.    Copies of all insurance policies that may provide coverage for the
6  allegations raised in this complaint.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12800657.1    Notice of Taking Videotaped Deposition Duces Tecum of Defendant
Kasem Mohamad Harkous

**Exhibit** A
**Page** 56

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of the Court and that correct copies of the foregoing are being served upon Defendants.

_Ayrika S. Fernandes_
Ayrika S. Fernandes

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

12817294.1   *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE