DANIEL V. NIXON (CA SB #132392)
danielnixon@byrnenixon.com
CATHRYNNE D. DALE (CA SB #206513)
catdale@byrnenixon.com
BYRNE & NIXON, LLP
800 West Sixth Street, Suite 430
Los Angeles, California 90017
Tel: (213) 620-8003
Fax: (213) 620-8012

Attorneys for Defendants
CALIFORNIA PRODUCTS INTERNATIONAL INC.
& MOHAMAD ALI KHALIL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PRODUCTS INTERNATIONAL, INC., a California Corporation, d/b/a FASHION JEANS EXPORTS and d/b/a CPI COMPUTERS & ELECTRONICS; MOHAMAD ALI KHALIL; KASEM MOHAMAD HARKOUS; and DOES 1-10,<br><br>Defendants.<br>_____ | CASE NO. CV 08-1877 SGL (JCRx)<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO EX PARTE APPLICATION FOR EXPEDITED DISCOVERY AND FOR ORDER TO PRESERVE EVIDENCE**<br><br>**REQUEST FOR ORAL ARGUMENT**<br><br>Dept.: 4<br>Judge: Hon. John C. Rayburn, Jr. |

**I.  Introduction**

According to its own declarations, Plaintiff, TracFone Wireless, Inc. ("Plaintiff" or "TracFone") has known of Defendants California Products International, Inc.'s and Mohamad Ali Khalil's (collectively "CPI" or "Defendants") alleged misconduct since at least January of this year. See Declaration of Anita Tourisa ¶¶ 4-5 (noting that TracFone had identified CPI in a prior investigation and had started its investigation of CPI prior to January 12, 2008). Why then, if TracFone truly believes that it is "currently

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION
-1-

suffering irreparable harm," did it delay for close to three months before bringing suit? If TracFone had filed and served its complaint as soon as it learned of the purported wrong-doing, it could have served discovery comporting with the Federal Rules of Civil Procedure (FRCP), within the time frame that it is now seeking to "expedite" discovery. Instead, TracFone allowed itself ample time to prepare its case but seeks to deprive CPI of that same ability. Thus, it is clear that TracFone's avowals that it will be harmed if it does not get immediate discovery are at best disingenuous, and at worst a concerted attempt to run small business owners such as Defendants out of business through improper and abusive litigation tactics.[1/] Defendants, however, will be substantially harmed if the Application is granted. They would be required to produce a broad range of documents including all of their business records, copies of their computers and hard drives, and essentially all of their financial documents. Additionally they would be required to give deposition testimony in a complex case with multiple causes of actions and multiple allegations of criminal wrongdoing, without being able to properly prepare or to seek reciprocal discovery.

TracFone's Complaint contains numerous allegations against Defendants, all of which Defendants dispute, and most of which concern the purported "unlocking" of cell phones. Defendants run a legitimate small business which buys and sells goods, including cell phones, but does not unlock or re-flash any cell phones. However, even if TracFone's allegations were true, which they are not, the bulk of the allegations concerning the purported unlocking or "flashing" of cell phones are not actionable, as

---

[1/] TracFone, represented by the same out-of-state counsel appearing in this case, has filed nearly identical, *ex-parte* motions in suits it has filed against small businesses across the country, often even before they effect service of the Summons on the defendants, thus ensuring that the motions are unopposed. See Declaration of Cathrynne Dale in Support of Opposition "Dale Decl" ¶2 (attaching a representative sample of court dockets).

TracFone's counsel is well aware, due to the enactment of an exemption to the application of the Digital Millennium Copyright Act ("DMCA"). TracFone's counsel argued vehemently against the exemption, and even sued the Librarian of Congress and Register of Copyrights over the exemption, but ultimately withdrew that suit. See Tracfone v. Billington, et al., 06-22942, USDC, S.D. Fla. Rather than continuing its challenge against the revisions to the DMCA, TracFone seeks an end-run around the law, by aggressively suing small businesses who do not have the resources to fight the kind of scorched earth litigation that TracFone has undertaken across the nation.[2]

TracFone seeks to further uneven the playing field by routinely filing boilerplate, unnoticed, *ex parte* applications such as the one at issue here, which TracFone files close to, or sometimes even before Defendants have been served with the summons and complaint. Dale Decl. ¶12. At first blush, these motions appear to be innocuous, as they are carefully couched as discovery requests merely seeking "limited" expedited discovery orders and an order requiring the preservation of evidence which should be preserved anyway pursuant to the Federal Rules.

However, a closer reading of TracFone's proposed order reveals that what TracFone really seeks is an order granting the ultimate relief it seeks in its complaint: a mandatory injunction against CPI preventing it from selling TracFone/Net 10 cell phones, regardless of whether the phones are altered. See TracFone's Memorandum of

---

[2] A review of the dockets and documents filed in these similar cases brought by TracFone establishes that TracFone has misused these orders in order to gain broad expedited discovery from other defendants while refusing to respond to any discovery themselves. See, Dale Decl.¶13 and Ex. 7 thereto (defendants in a similar case in Florida were required to file a motion for reciprocal discovery because TracFone refused to answer any discovery declaring that "Defendant's requests are both premature and prohibited inasmuch as the parties have not yet conducted a discovery conference and the Court's order granting expedited discovery only authorized TracFone to conduct discovery.").

Points and Authorities ("Mem") for its Ex Parte Application ("App") at 8 (including all TracFone phones as part of the preservation order).

TracFone does not seek "limited" discovery, as it indicates in its papers, it does not even limit its requests to documents related to unlocked TracFone cell phones, or to TracFone products at all, but instead seeks virtually all documents related to any business of Defendants. See, e.g., App. Ex. A ¶12 (seeking copies of entire hard drives, back up tapes and disks) and ¶13 (seeking all business plans or other documents that explain or otherwise evidence your business activities, including but not limited to the purchase, sale, alteration shipping or advertising of any TracFone/NET10 handset).

TracFone's true purpose in seeking these orders is not to further the prosecution of the case at hand, but to (a) enjoin defendants from selling TracFone's phones, without having to apply for a preliminary injunction and (b) to rummage through all of Defendants' books and records, as well as their memories in order to identify other business owners who sell TracFone's phones, so that TracFone can file suit against those small businesses and start the process all over again -- all without ever having to answer discovery itself, prove its case, or even establish a likelihood of success on the merits.

**II.    Tracfone's Ex Parte Application Should Be Denied**

    A.    TracFone has not Demonstrated Good Cause For Filing its Ex Parte Motion

*Ex Parte* motions are rarely justified and should be filed only if the moving party demonstrates that (1) its cause will be irreparably prejudiced if the underlying motion is heard according to proper noticed motion procedures and (2) the moving party is without fault in creating the crisis that requires *ex parte* relief. Mission Power Eng'g Co v. Continental Cas. Co., 883 F. Supp. 488, 491(D. Cal. 1995). This showing is required because *ex parte* motions impose extreme prejudice on the opposing party, who must "drop all other work to respond on short notice." Id.

Here TracFone fails to make either showing. As an initial matter, TracFone has failed to show that it would suffer any irreparable prejudice if it were to file a properly noticed discovery motion.[3/] TracFone has alleged that Defendants might destroy discovery if they learned of the motion, but have stated no facts to support this allegation. TracFone grossly mischaracterizes the declaration of Justin Chappell, which neither establishes any attempt by Defendants to destroy evidence nor indicates that Chappell was subjected to a violent assault.[4/] What Chappell's declaration does establish is: (a) that TracFone has the means and resources to gather information regarding purported co-conspirators absent expedited discovery; (b) that Chappell, acting as TracFone's agent was trespassing on Defendants' property, following and otherwise intimidating Defendants; (c) that Chappell attempted to hide his own illicit conduct; and (d) that during the course of Chappell's illicit operation he and Khalil had a car accident. See Chappell Decl. ¶¶11-21. Khalil, not Chappell called the police. Nothing in Chapell's declaration indicates that Defendants have destroyed or will destroy discovery, nor does TracFone offer any alternative support for its claim.

As to the second prong that TracFone must show in order to establish that it is entitled to *ex parte* relief, it is clear that TracFone could have pursued this action at least

---

[3/] In fact, TracFone evades the issue, essentially stating that the acts alleged in its complaint, *i.e.,* the sale of unlocked TracFone products will cause it harm. See App. at 3 (stating that by June hundreds if not thousands of TracFone's phones will be lost into the stream of national and international commerce). The proper remedy for this type of harm is to seek a temporary restraining order and/or preliminary injunction, not an *ex parte* discovery order.

[4/] Indeed, the police report, which Mr. Chappell failed to attach to his declaration indicates that Mr. Khalil was regarded as the "victim" in the incident and that Mr. Khalil called the police because Chappell was acting suspiciously and had attempted to flee the scene. The police report lists the incident as a car accident and shows no indication that Chappell was "assaulted." See Police Report, Ex.8 to Dale Decl., ¶14.

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION
-5-

three months ago, when it first learned of the purported grounds for its complaint. Thus, TracFone is not without fault if it now needs expedited discovery.

### B. TracFone has Categorically Refused to Stipulate to Reciprocal Expedited Discovery

Defendants have no desire to prolong this case. In fact, they would be willing to agree to a reasonable expedited discovery schedule, as long as it is mutual. To this end, Defendants, through their counsel, offered to stipulate to reciprocal expedited discovery, as long as it gave Defendants reasonable time to prepare and become familiar with the case before they were required to answer discovery or attend depositions. See Dale Decl. ¶¶3, 10.

At a later meet and confer counsel for TracFone stated unequivocally that TracFone would not agree to any mutual expedited discovery. TracFone's counsel did agree that he would stipulate to more than ten days for Defendants to answer TracFone's proposed discovery, but would only grant this concession if Defendants acceded to TracFone's demands as to all other aspects of the present Application. Moreover, TracFone's counsel made clear that this included not only the preservation of evidence, but a *de facto* injunction requiring Defendants to preserve all TracFone phones, regardless of whether they have been altered or unlocked. When asked why Defendants would agree to such a lopsided and patently unfair result, TracFone's counsel stated that it would save Defendants the cost of opposing the *ex parte* motion. See Dale Decl. ¶¶9-10.

If TracFone was truly interested in expediting the prosecution of this case, then it would have agreed to a reciprical expedited discovery stipulation, as offered by Defendant's counsel. Instead TracFone insisted that it be afforded the full time required by the FRCP before it respond to any discovery.

/ / /

/ / /

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION
-6-

C. <u>Tracfone is Not Entitled to Unilateral Expedited Discovery, Which Would be Premature and Highly Prejudicial to Defendants</u>

TracFone seems to think that the mere mention of infringement or unfair competition compel the grant of expedited discovery. This is not the case. Tracfone need look no further than the cases cited in its Application to see the error of its argument. See <u>Semitool, Inc. v. Tokyo Electron America, Inc.</u>, 208 F.R.D. 273, 277 (N.D.Cal. 2002) ("The Court's finding of good cause for expediting discovery under the circumstances of this case does not, of course, imply that expedited discovery is appropriate under Rule 26(d) in every infringement case . . .").

Indeed, the cases cited by TracFone specifically disfavor the type of broad discovery sought by TracFone, because it is prejudicial to Defendants, particularly as the Application was filed *ex parte*, shortly after Defendants were served with the complaint and well before Defendants had time to retain counsel. See <u>Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.</u>, 204 F.R.D. 675, 676 (D.Colo. 2002) (Expedited discovery may be inappropriate where defendants are required to "unwarily incriminat[e] themselves before they have a chance to review the facts of the case and to retain counsel.") (<u>citing</u> <u>Notaro v. Koch</u>, 95 F.R.D. 403, 405 (S.D.N.Y.1982).

In <u>Semitool</u>, the court distinguished between the seeking of documents and the seeking of a deposition noting with favor that the expedited request at issue before the Semitool court "entails not, e.g., a free ranging deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare", but instead a limited request for documents.[5] <u>Semitool, Inc. v. Tokyo Electron America,</u>

---

5/ Notably, in <u>Semitool</u>, the parties had been in discussions regarding the case for over a year, and plaintiffs only sought to advance limited discovery by approximately three weeks. Nonetheless, the Court still granted the defendants twenty days to respond to the expedited requests. Here, under much less favorable circumstances to Defendants, TracFone seeks a return of discovery within 10 days.

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION
-7-

Inc., 208 F.R.D. 273, 277 (N.D.Cal. 2002). The Semitol court cautioned against early requests for depositions or other discovery that might "force defendants to incriminate themselves without ability to prepare." Id. If TracFone's Application is granted then Defendants will suffer exactly this prejudice as it will be required to give a free ranging deposition for which it has both insufficient time and insufficient information with which to prepare.

Additionally, TracFone ignores one of the most important considerations cited by courts evaluating expedited discovery requests: whether such discovery would facilitate case management and expedite the case. See, id. Here TracFone has demonstrated through its refusal to agree to mutual expedited discovery that it has no desire to facilitate case management or to expedite the case. Moreover, Defendants would be grossly prejudiced if TracFone was allowed to propound on an expedited basis the broad discovery that it seeks – essentially demanding all of Defendants' business and financial documents as well as copies of their computers, hard drives and a myriad of other documents, and to take early depositions of Defendants without having to respond in kind.

### D. TracFone is Not Entitled to a "Preservation Order" That Would Effectively Act as a Preliminary Injunction

TracFone's proposed preservation order would act as a defacto mandatory injunction that would give TracFone the very remedy it seeks in its prayer for relief. This is so because as well as seeking an order that Defendants preserve what is traditionally thought of as evidence, TracFone also seeks to include in its preservation order a mandate that Defendants preserve all TracFone phones. TracFone has not even limited this demand to altered or unlocked phones. Yet, the only rationale TracFone gives for preserving the phones as "evidence" is that examination of unlocked phones may yield essential information about the origin of the phones, their place of purchase and the manner in which they were unlocked. Mem. At 6:16-19. Thus, TracFone's requested

order is not designed to preserve evidence, but to enjoin Defendants from conducting their legitimate business, which includes the buying and selling of cell phones among other goods. Clearly an *ex parte* discovery motion is not the place for TracFone to demand this relief. If TracFone wishes to bring a motion for a preliminary injunction, it should do so under the proper procedure, with adequate notice to Defendants.

**III.   Conclusion**

For the reasons presented above, Defendants respectfully request that the Court deny TracFone's Ex Parte Application.

DATED: April 22, 2008          BYRNE & NIXON, LLP

By:   /s/ Daniel V. Nixon
        Daniel V. Nixon
        Cathrynne D. Dale
Attorneys for Defendants
California Products International Inc. & Mohamad Ali Khalil

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is **800 West Sixth Street, Suite 430, Los Angeles, California 90017**.

I have caused the service of **DEFENDANTS' MEMORANDUM IN OPPOSITION TO EX PARTE APPLICATION FOR EXPEDITED DISCOVERY AND FOR ORDER TO PRESERVE EVIDENCE     REQUEST FOR ORAL ARGUMENT** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notified the following:

James B. Baldinger (jbaldinger@carltonfields.com)

Sarah K. Kohut (sarah@kohutlaw.com)

Maria Montenegro (mmontenegro@carltonfields.com)

Megan L. Wagner (megan@kohutlaw.com)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **April 22, 2008**, at Los Angeles, California.

| Leticia Rosales (lettyrosales@byrnenixon.com) | /s/ Leticia Rosales |
|---|---|
| (Type or Print Name) | (Signature) |