Megan L. Wagner (California Bar No. 130752)
*megan@kohutlaw.com*
Sarah K. Kohut (California Bar No. 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131

James B. Baldinger (Florida Bar No. 869899)
*jbaldinger@carltonfields.com*
Maria Montenegro (Florida Bar No. 996084)
*mmontenegro@carltonfields.com*
Matthew A. Leish (New York Bar No. 29003631)
*mleish@carltonfields.com*
CARLTON FIELDS, P.A.
222 Lakeview Ave., Suite 1400, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

*Attorneys for TracFone Wireless, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br>v.<br><br>CALIFORNIA PRODUCTS INTERNATIONAL, INC., a California corporation, d/b/a FASHION JEANS EXPORTS d/b/a CPI COMPUTERS & ELECTRONICS; MOHAMAD ALI KHALIL; KASEM MOHAMAD HARKOUS; and DOES 1-10,<br><br>Defendants/Counterclaim Plaintiffs. | Case No. 2:08-cv-01877 SGL-JCR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, AND SUPPORTING MEMORANDUM OF LAW**<br><br>Hrg Date: August 25, 2008<br>Hrg Time: 10:00 a.m.<br>Dept.: Courtroom 1 |

1
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, AND SUPPORTING MEMORANDUM OF LAW

CARLTON FIELDS, P.A.
ATTORNEYS AT LAW
MIAMI

Dockets.Justia.com

TO DEFENDANTS AND CROSS-COMPLAINANTS AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on August 25, 2008 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 1 of the United States District Court for the Central District of California, located at 3470 Twelfth Street Riverside, CA 92501, the Honorable Stephen G. Larson presiding, Plaintiff and Cross-Defendant TracFone Wireless, LLC ("TracFone") will and does hereby move this Court for an Order Dismissing the Counterclaims asserted by Defendant/Counterclaim-Plaintiff California Products International, Inc. or, in the alternative, for an Order requiring a more definite statement.

This Motion will be made on the grounds that the Counterclaim (1) fails to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); (2) fails to include a "short and plain statement of the claims showing that the pleader is entitled to relief" under Rule 8(a); and (3) was filed in violation of Rule 15(a) in that it was filed more than 20 days after Defendant's initial pleading without leave of court or the consent of TracFone. In the alternative, TracFone is entitled to a more definite statement under Rule 12(e).

This motion is made following repeated and unsuccessful attempts by counsel for TracFone to contact new counsel for Defendant to discuss the Counterclaim and to seek to voluntary withdrawal of the Counterclaim.

This Motion shall be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Matthew A. Leish submitted herewith, the pleadings and records on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: June 30, 2008

/s/ Matthew Leish /mw/
Matthew A. Leish,
Admitted *pro hac vice*
Attorneys for TracFone Wireless, Inc.

CARLTON FIELDS,
P.A.
ATTORNEYS AT LAW
MIAMI

# PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW

Plaintiff TracFone Wireless, Inc. ("Tracfone") respectfully submits this Motion to Dismiss the improper, untimely, and vacuous "placeholder" Counterclaim filed by defendant California Products International, Inc. ("California Products" or "Defendant"). The so-called "placeholder" pleading – which contains no factual allegations and no legal theories whatsoever -- should be dismissed for three independent reasons. First, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Counterclaim fails to state a claim for which relief could be granted – indeed, it quite literally fails to state any claim at all. Second, and relatedly, the Counterclaim violates Rule 8(a)(2) in that it does not include "a short and plain statement of the claims showing that the pleader is entitled to relief" and thus fails to provide TracFone with fair notice of the nature of the claims against it and the facts underlying those claims. Third, defendant has violated Rule 15 by filing an amended pleading adding the Counterclaim more than 20 days after serving its initial answer without seeking leave of court or the consent of TracFone.

Finally, while dismissal is plainly the appropriate remedy here, in the alternative TracFone moves for a more definite statement pursuant to Rule 12(e) so that it can reasonably prepare a response to the Counterclaim.

## INTRODUCTION

TracFone commenced this action by filing a Complaint on March 20, 2008. (Declaration of Matthew A. Leish ("Leish Decl.") submitted herewith, Ex. A.) On May 16, 2008, following an agreed extension of time, defendants California Products and Mohamad Ali Khalil filed their Answer. (Leish Decl., Ex. B) On

June 4, 2008, defendants filed a motion to substitute attorney Aftab A. Malik as their new counsel. Two days later, on June 6, 2008 – 21 days after filing the initial Answer – California Products filed a document denominated "Counterclaim for Damages, Declaratory & Injunctive Relief (Placeholder Filing)." (Leish Decl., Ex. C). In addition to naming TracFone as a "counter-defendant", the "Counterclaim" also names numerous other individuals and companies, including various international affiliates of Tracfone; Carlos Slim Helu (the Chairman Emeritus of TracFone's Mexican parent company); a number of third party retailers such as Wal-Mart Corporation and Target Brands, Inc.; and the law firm of Carlton Fields, P.A., counsel for TracFone in this action, along with one of its shareholders.[1] *Id.*

The "Counterclaim" does not assert any causes of action, set forth any legal bases for any claims, or include any facts. Rather, it states, in its entirety, "This is a placeholder filing for the Cross-Complaint to be filed through this Court's EC/CMF filing system once the Court rules on Defendants' Motion for Substitution of Attorney filed with this Court on June 4, 2008." (Leish Decl., Ex. C) Counsel for TracFone has repeatedly attempted to contact new counsel for defendant to learn what claims defendant intends to assert and the alleged basis for those claims, if any; however, counsel has not received any response. (*See* Leish Decl. ¶¶ 9-17; *Id.*, Exs. E-J).

Although the Counterclaim was filed more than 20 days after service and filing of defendants' Answer, defendant never sought TracFone's consent to amend it pleading; nor did it seek a court order allowing it to do so. (Leish Decl. ¶ 5) In addition, although this Court granted defendants' motion to substitute new counsel on June 6, 2008 (Leish Decl. Ex. D), defendants have not filed any further

---

[1] Carlton Fields and the named shareholder, James Baldinger, have not been served with the Counterclaim; nor, to the best of TracFone's knowledge, have any of the other named counter-defendants.

4
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIM OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE
STATEMENT, AND SUPPORTING MEMORANDUM OF LAW

pleadings, notwithstanding their assertion that a "Cross-Complaint" would be filed in place of the "placeholder" filing once the Motion for Substitution of Attorney was ruled upon.

# MEMORANDUM OF LAW

### A. The Counterclaim Should Be Dismissed Pursuant to Rules 12(b)(6) and 8(a)

A motion to dismiss under Rule 12(b)(6) may be granted based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988); *see also Hana Financial, Inc. v. Hana Bank,* 500 F.Supp.2d 1228, 1232 (C.D. Cal. 2007). As the Supreme Court recently explained, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). In addition, the "factual allegations must be enough to raise a right to relief beyond a speculative level." *Id.* at 1965. Rule 12(b)(6) applies equally to counterclaims. *Hana Financial,* 500 F.Supp.2d at 1232 (citing *King County v. Rasmussen,* 299 F.3d 1077, 1090 (9th Cir. 2002)).

Separately, Rule 8(a) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this rule, "a claim is sufficiently pled if the [] allegations provide fair notice of the nature of the claim and the facts underlying it." *Conley v. Gibson,* 355 U.S. 41, 47-8 (1957). Complaints or counterclaims that fail to comply with Rule 8 are subject to dismissal independently of Rule 12(b)(6). *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996); *see also Deirmenjian v. Deutsche Bank, A.G.,* 2006 WL 4749756 at *27 (C.D.Cal. 2006). The Supreme Court has noted that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could

satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atlantic*, 550 U.S. at 1965 n.3. Thus, while plaintiffs (or counterclaim plaintiffs) "are not required to plead *detailed* facts, they must plead *some* facts." *Grosz v. Lassen Community College District*, 2007 WL 4356624 at *2 (E.D.Cal. 2007) (emphasis in original).

Here, it is abundantly clear that the purported "Counterclaim" must be dismissed pursuant to both Rule 12(b)(6) and Rule 8(a). The Counterclaim articulates neither a "cognizable legal theory" nor any "facts alleged under a cognizable legal theory" as required by Rule 12(b)(6). *Balistreri, supra.* It does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic, supra.* There is no "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a). The Counterclaim does not provide "fair notice" to TracFone of "the nature of the claim and the facts underlying it." *Conley, supra.* In short, the Counterclaim is utterly lacking in even the most cursory effort to satisfy the requirements of the Federal Rules of Civil Procedure.

Apparently in recognition of this fact, defendant has denominated its pleading as a "placeholder" to be supplemented at some undefined point in the future. There is nothing in either the Federal Rules or the Local Rules of this Court that authorizes such a "placeholder" pleading, and TracFone is not aware of any authority permitting a party to avoid the clear requirements of Rules 12(b)(6) and 8(a) by resorting to such a device. Indeed, in a related context, one federal district court in California recently rejected a defendant's attempt to assert affirmative defenses that were merely "placeholders for affirmative defenses that [defendant] may or may not seek to assert in the future," and ordered that if the defendant later decided it wished to allege those defenses "it must move to amend its answer at

that time." *Synopsis, Inc. v. Magma Design Automation, Inc.*, 2007 WL 420181 at *1 (N.D.Cal. 2007).

In short, defendant cannot avoid dismissal by promising to satisfy its obligations under Rules 12(b)(6) and 8(a) at a later date. And even if such a placeholder pleading could somehow obviate the requirements of the Federal Rules, the placeholder pleading here stated that a more substantive pleading would be filed "once the Court rules on Defendants' Motion for Substitution of Attorney", and no such additional pleading has been filed even though the Court granted the Motion for Substitution of Attorney on June 6, 2008. Accordingly, the Counterclaim should be dismissed.

### B. The Counterclaim Should Be Dismissed Pursuant to Rule 15(a)

Defendant's Counterclaim also should also be dismissed for the independent reason that it was filed in violation of Rules 13(a) and 15(a). Rule 13(a) requires compulsory counterclaims to be included with a defendant's answer. Rule 13(f) permits the Court to allow a party to amend a pleading to include an omitted counterclaim. However, Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" unless the amended pleading is filed within 20 days after service of the original pleading. Rule 15(a)(2). Here, California Products served its Answer on TracFone via the court's Electronic Case Filing system on May 16, 2008, but it did not file its Counterclaim until June 6, 2008 – more than 20 days after filing the initial pleading. Although "courts have been quite liberal in granting leave to amend under Fed. R. Civ. P. 15(a) and 13(f)", parties must nonetheless seek leave of court before amending. *Cooper Development Co. v. Employers Ins. of Wausau*, 765 F.Supp. 1429, 1432 (N.D.Cal. 1991). Here, California Products did not seek TracFone's consent to this amendment, and it did not seek leave of court.

Accordingly, the Counterclaim should be dismissed for this reason as well.

### C. The Motion for a More Definite Statement Should Be Granted

Finally, while dismissal is plainly appropriate under Rules 12(b)(6), 8(a), and 15(a), in the alternative California Products should at least be required to provide a more definite statement under Rule 12(e). That Rule provides that party may move for a more definite statement where a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." Here, the Counterclaim is so utterly lacking in factual or legal allegations that it does not even rise to the level of being vague or ambiguous. Accordingly, should this Court for some reason decline to dismiss the Counterclaim, at the very least TracFone is entitled to a more definite statement so that it can prepare a response.

### CONCLUSION

For the reasons stated above, the motion should be granted and the Counterclaim should be dismissed pursuant to Rules 12(b)(6), 8(a), and 15(a); or, in the alternative, defendant should be ordered to provide a more definite statement pursuant to Rule 12(e).

*[signature: Matthew Leish / mw]*
Mathew A. Leish
Admitted *pro hac vice*

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
Maria Montenegro
Florida Bar Number 996084
Matthew A. Leish
New York Bar Number 29003631
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Email:  jbaldinger@carltonfields.com
        mmontenegro@carltonfields.com
        mleish@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*